IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 21, 2026

**JACOB RAY LANE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
No. 128312   Hector Sanchez, Judge

_____

**No. E2025-00305-CCA-R3-PC**

_____

The Petitioner, Jacob Ray Lane, appeals from the Knox County Criminal Court's denial of his petition for post-conviction relief, arguing that the post-conviction court erred in concluding his guilty plea was not unlawfully induced.  Discerning no error, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

Holly Zinser-Nehls, Knoxville, Tennessee, for the appellant, Jacob Ray Lane.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; Charme P. Allen, District Attorney General; and Molly Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. FACTUAL AND PROCEDURAL HISTORY

This case arises from the Petitioner's May 30, 2024 guilty plea by information to one count of theft, a Class D felony, and one count each of possession of drug paraphernalia and resisting arrest, both misdemeanors.  As part of the plea agreement, the Petitioner was sentenced to serve four years' incarceration as a Range I, standard offender on the theft conviction and sentenced to time served on the two misdemeanor convictions to be served concurrently with the theft sentence.  The Knox County plea also provided that the Petitioner's three-year probationary sentence in Blount County, for which a violation of

probation warrant was pending, would be concluded. In addition, seven Knox County charges, two felonies and five misdemeanors, were dismissed as part of the plea agreement.

On July 31, 2024, the Petitioner filed a pro se petition for post-conviction relief raising issues of ineffective assistance of counsel and of an unlawfully induced guilty plea. Post-conviction counsel was appointed on August 7, 2024, and an amended petition raising the same issues was filed on November 14, 2024. On November 25, 2024, the State filed its response to the amended petition, and the post-conviction court scheduled a hearing for January 15, 2025.

At the hearing, the Petitioner testified he was a twenty-two-year-old high school graduate with no legal training. He admitted to one prior felony for tampering with evidence in Blount County, Tennessee, for which he received a three-year probationary sentence, and for which a probation violation warrant was pending at the time of the plea in this case. He stated he had never been to prison and was unfamiliar with the parole process.

The Petitioner stated that trial counsel had represented him when he had previously been charged with a variety of other offenses, primarily misdemeanors. The Petitioner stated he left their first meeting in general sessions court related to the May 2024 guilty plea with the understanding that he would be "looking at" a probationary sentence again. He testified that the next time he met with trial counsel, trial counsel advised him that the State offered two different "deals": one that included one year of split confinement and probation, and the other that included four years to serve at thirty percent. The Petitioner stated that he told trial counsel he was open to the split confinement option but not to the four-year sentence. He stated that trial counsel told him he would waive his preliminary hearing, and his next hearing would be in criminal court. The Petitioner testified he understood that when he waived his preliminary hearing, he did not have a "locked-in agreement." He testified that the general sessions court explained his rights when he waived his preliminary hearing and that he told the court he understood his rights and the effect of waiving his preliminary hearing.

The Petitioner testified that when they returned to criminal court on May 30, 2024, trial counsel stated that the split confinement offer was no longer "on the table" and that the four-year sentence was the best the State would offer. The Petitioner testified that both trial counsel and the trial court had assured him that he would be released on parole in fourteen months. The Petitioner stated he believed that "guaranteed" parole was part of his plea deal. The Petitioner, however, did not dispute that during his plea colloquy, he had affirmatively stated he understood the nature and content of his plea agreement, but he believed this meant being released after serving thirty percent of the four-year sentence. He also admitted that he had voluntarily signed the waiver of his right to a jury trial. The

Petitioner stated that trial counsel told him he would receive parole because the offense was not "aggravated."

The transcript of the May 30, 2024 guilty plea hearing, which was introduced at the post-conviction hearing, reflected the Petitioner's affirmance that he had conferred with trial counsel, that trial counsel had answered all his questions, and that he understood the "nature of the content of the plea agreement." In addition, the transcript reflected the trial court's advising the Petitioner of his rights and of his potential sentences, including the fact that the Petitioner would "become eligible for release after . . . 1.2 years." The trial court additionally commented that the Petitioner was "not going to be in that long given the fact that [he was] going to get credit for the time . . . already served." The Petitioner confirmed that he understood his total effective sentence was a four-year, Range I sentence to be served as a standard offender in the Tennessee Department of Correction. The Petitioner stated he had no questions about the plea agreement and stated he was entering his guilty plea voluntarily and of his own free will. The Petitioner also confirmed that he was entering the guilty plea because he was, in fact, guilty.

Trial counsel testified that he had practiced law for over twenty years and had appeared in court with the Petitioner a total of twenty-nine times on various charges, beginning in September of 2022. Trial counsel stated that in all of the Petitioner's prior cases, the Petitioner had received probationary sentences and multiple opportunities for treatment. Trial counsel testified that it was his practice to tell clients they were not guaranteed parole and that he did not tell the Petitioner he was guaranteed parole after fourteen months of his four-year sentence. Trial counsel further testified that a split confinement sentence was never "on the table," that the Petitioner was not going to receive an offer of more probation, and that the State's only offer was for a sentence to serve. He stated that it was not true that he had told the Petitioner that a sentence of split confinement was being offered at any point. Trial counsel recalled that the Petitioner had wanted to know his quickest "way out," and trial counsel had advised him that the four-year offer was his best resolution, as it would result in the dismissal of multiple other charges. Trial counsel testified that he fully advised the Petitioner concerning the plea offer. Trial counsel said that he may have advised the Petitioner he could possibly be eligible for parole in fourteen months because his offense was not "aggravated."

At the conclusion of the evidentiary hearing, the post-conviction court took the petition under advisement. On February 4, 2025, the post-conviction court entered a written order denying post-conviction relief. With respect to the issue of an unlawfully induced guilty plea, the post-conviction court held that "there is nothing in the record to support Petitioner's position that his plea was involuntarily entered without understanding of the nature and consequences of the plea." The post-conviction court went on to find that the record was clear "that [trial counsel] has represented the Petitioner on numerous prior

occasions in which felony charges were dismissed in exchange for misdemeanor sentences," and that the Petitioner admitted in his own testimony at the post-conviction proceeding "that he understood the previous charges against him and the sentences he faced including the difference between concurrent and consecutive sentences." The post-conviction court further found that the record established that the Petitioner "received a high school education and can competently read and write in the English language." The post-conviction court noted the discrepancy between the testimony of the Petitioner and trial counsel regarding whether the Petitioner had been "guaranteed" parole and credited trial counsel's testimony. The post-conviction court found that "[n]othing in the record tends to indicate that Petitioner's plea was a product of ignorance, incomprehension, coercion, terror, inducements, or subtle or blatant threats." The post-conviction court then noted relevant portions of the plea colloquy transcript in which the Petitioner was advised of the charges to which he was entering a guilty plea, the potential sentences for each, the plea offer by the State, the Petitioner's potential eligibility for parole under the plea agreement, and the Petitioner's failure to raise any questions concerning the plea agreement terms.

The post-conviction court then addressed its comment at the guilty plea submission hearing concerning the length of time the Petitioner would serve:

> Perhaps this [c]ourt should not have informed the Petitioner that he was not going to be in the penitentiary that long given the fact that he was going to get credit for the time he had already served. That's probably a bad practice as parole calculations and hearings are out of a trial court's purview and left to the discretion of the Tennessee Department of Correction[]. However, germane to this analysis is that this [c]ourt expressly stated that he should become eligible for release after serving roughly 1.2 years. The Petitioner was thereafter given an opportunity to ask any questions before he formally pled guilty at the conclusion of the plea hearing. Therefore, the Petitioner has failed to demonstrate that his plea was involuntarily entered without understanding of the nature and consequences of the plea. The Petitioner is not entitled to relief on this ground.

The Petitioner filed a timely notice of appeal on March 3, 2025.

## II.   ANALYSIS

The Petitioner now appeals the post-conviction court's denial of his petition for post-conviction relief, arguing that the post-conviction court erred in denying relief on his claim of an unlawfully induced guilty plea. Specifically, the Petitioner argues that he did

not understand the consequences of his plea and that his plea was the product of ignorance of the parole process. The Petitioner asserts that if he had known parole was not guaranteed, then he would not have entered the guilty plea. The State responds that the Petitioner did not meet his burden of proof on his claim and that the post-conviction court's ruling should be affirmed.

The Post-Conviction Procedure Act provides relief only when the petitioner's "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. In a post-conviction proceeding, a petitioner has the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Tenn. S. Ct. R. 28, § 8(D)(1). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them, *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (citations omitted), while its application of the law to those factual findings and the conclusions drawn therefrom are reviewed de novo with no presumption of correctness, *Holland v. State*, 610 S.W.3d 450, 455 (Tenn. 2020) (citations omitted).

The Petitioner argues that his plea was unlawfully induced because it was not entered knowingly, voluntarily, and intelligently. The Due Process Clause of the United States Constitution requires that a guilty plea be entered knowingly, voluntarily, and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969); *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010). "A guilty plea is knowingly, voluntarily, and intelligently entered if it represents 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Davis v. State*, No. M2024-01238-CCA-R3-PC, 2025 WL 2453101, at *11 (Tenn. Crim. App. Aug. 26, 2025) (quoting *Jaco v. State*, 120 S.W.3d 828, 831 (Tenn. 2003)), *no perm. app. filed*. A trial court must consider the totality of the circumstances in determining if a guilty plea has been entered knowingly, voluntarily, and intelligently. *Blankenship v. State*, 858 S.W.2d 897, 905 (Tenn. 1993). A "formidable barrier in any subsequent collateral proceedings" is created by a defendant's solemn declarations in open court because such declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Davis*, 2025 WL 2453101, at *11.

This court's review of the guilty plea submission hearing transcript confirms that the Petitioner acknowledged that he had conferred with trial counsel, that trial counsel had answered all his questions, and that he understood the terms of the plea agreement. The transcript further demonstrates that the trial court advised the Petitioner of his rights and of his potential sentences, including the fact that the Petitioner would "become eligible for

release after . . . 1.2 years." The Petitioner confirmed that he understood that his total effective sentence was a four-year, Range I sentence to be served as a standard offender in the Tennessee Department of Correction and that he had no questions about the plea agreement. The Petitioner stated that he was entering the plea voluntarily and of his own free will. The Petitioner also confirmed that he was entering the guilty plea because he was, in fact, guilty.

At the post-conviction hearing, the post-conviction court relied upon the record from the guilty plea submission hearing in concluding that the Petitioner's plea was entered knowingly and voluntarily. The post-conviction court credited trial counsel's testimony over the Petitioner's allegations regarding trial counsel's interactions and advice related to the plea. The post-conviction court found that the transcript from the guilty plea submission hearing demonstrated that the Petitioner affirmed to the trial court that he understood the nature and content of the terms of his plea agreement and that when given the opportunity, he had no questions for the trial court. The post-conviction court accredited trial counsel's testimony that he specifically advised the Petitioner that parole was not guaranteed. The evidence in the record does not preponderate against the post-conviction court's determination that the Petitioner entered a knowing and voluntary guilty plea. Accordingly, we find no error in the post-conviction court's denial of the petition.

## III.    CONCLUSION

Following our review of the record and based upon the foregoing analysis, we affirm the judgment of the post-conviction court.

S/ *STEVEN W. SWORD*_____
STEVEN W. SWORD, JUDGE

- 6 -